SLIP OPINION

Cite as 2015 Ark. App. 661

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–15–300

| | |
|---|---|
| PRISCILLA PONDER<br><div align="right">APPELLANT</div> | **OPINION DELIVERED** NOVEMBER 18, 2015 |
| V. | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. JV-2013-340-3] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and A.P., E.P., and J.P., MINOR CHILDREN<br><div align="right">APPELLEES</div> | HONORABLE EDWIN KEATON, JUDGE<br><br>REBRIEFING ORDERED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Priscilla Ponder appeals the January 26, 2015 orders of the circuit court (she claims that they were final orders pursuant to Ark. R. Civ. P. 54(b) (2015) entered at the review hearing, with a notice of appeal filed on January 29, 2015). We order rebriefing.

On December 13, 2013, the Department of Human Services (DHS) took a seventy-two-hour-hold on appellant's children after the death of a sibling. The children were separated almost immediately; A.P. was placed with one set of relatives, and E.P. and J.P. were placed with another. The children were adjudicated dependent-neglected by an order file-marked on May 29, 2014, and the goal was set for reunification. Review hearings held on June 16, August 4, and September 29, 2014, continued that goal until the permanency-planning hearing on December 1, 2014, when the goal was changed to obtain a permanent custodian, including permanent custody with a fit and willing relative.

SLIP OPINION

The circuit court found that it was not in the children's best interest to return custody to appellant and cited several reasons for that finding. Visitation was continued as previously ordered, prior orders not in conflict remained in effect, and the case was set for a review hearing. At the "review hearing" on January 9, 2015, the circuit court granted permanent custody of appellant's three children to two separate sets of relatives and closed the DHS case. On January 29, 2015, appellant filed a notice of appeal regarding the orders granting permanent custody of her children that are file-marked January 26, 2015, and this appeal follows.

The January 9, 2015 hearing—from which the orders appealed from were handed down—included no testimony, evidence, coherent arguments of counsel, or findings from the circuit court. The orders appealed from specifically state,

> From the testimony, exhibits, statements of the parties and counsel, the record herein, and other things and matters presented, the Court, noting the best interests, welfare, health and safety, case plan[,] and appropriate statutory placement alternatives . . .

yet, the only proceeding abstracted was the strange hearing from January 9, 2015.

Our rules on abstracting require that an appellant's abstract consist of the "material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision." Ark. Sup. Ct. R. 4-2(a)(5) (2015). Further, "[p]leadings and documentary evidence should not be abstracted." *Id.* Our rules on the contents of the addendum mandate that it include photocopies of "the order, judgment, decree, ruling, letter opinion . . . from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits

essential to an understanding of the case and the Court's jurisdiction on appeal." Ark. Sup. Ct. R. 4–2(a)(8).

Appellant's abstract and addendum are deficient to such an extent that we are unable to understand her argument and reach the merits of the case. Pursuant to our rules, we afford appellant an opportunity to cure these deficiencies, and grant appellant fifteen days from the date of this opinion within which to file a substituted abstract, addendum, and brief that conform with our rules, pursuant to Arkansas Supreme Court Rule 4–2(b)(3). After the filing of a substituted brief, appellee will be afforded an opportunity to revise or supplement its brief. *Id.* We note that if, after the opportunity to cure these deficiencies, appellant fails to file a complying abstract, addendum, and brief, we may affirm for noncompliance with our rules. *Id.*

Rebriefing ordered.

ABRAMSON and BROWN, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellant.

*Mischa K. Martin*, County Legal Operations, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.